IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICKY DAMON,                                                              PLAINTIFF

vs.                                    Civil No. 4:06-cv-4112

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration                              DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is the Plaintiff's Amended Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA").  (Doc. No. 16).[1]  The Defendant has responded to this Motion and has no objections. (Doc. No. 15).  This matter is ready for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this Motion to the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the motion and responses, recommends Plaintiff's Amended Motion for Attorney's Fees be **GRANTED**.

**Background:**

On November 30, 2006 Ricky Damon ("Plaintiff") appealed the Secretary of the Social Security Administration's ("SSA") denial of his request for Supplemental Security Income ("SSI"). (Doc. No. 1).  On January 8, 2008, the Honorable Judge Harry F. Barnes entered a Judgment reversing and remanding the Plaintiff's case to the SSA.  (Doc. No. 13).  After this remand, the Plaintiff filed the present amended motion for attorney's fees pursuant to the Equal Access to Justice

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

Act, 28 U.S.C. § 2412 (1998).[2] (Doc. No. 16). This amended motion was filed on January 30, 2008. The Plaintiff's attorney, Howard Goode, seeks approval of attorney's fees for professional services in the amount of $2,075.00. The Defendant has responded and does not object to an award of attorney's fees.

**Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the Plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the

---

[2]Plaintiff filed his original Motion for Attorney's Fees (Doc. No. 14) on January 22, 2008, seeking $2,325.00 in fees for 16.6 hours work at the rate of $125.00 per day. The Defendant responded and pointed out that 16.6 hours work at the rate of $125.00 per day was $2,075.00 rather than $2, 325.00. thereafter Plaintiff filed an Amended Motion with the corrected calculation.

EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed that statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." *Id.*

**Discussion:**

In the present action, the Plaintiff's case was remanded to the SSA. (Doc. No. 13). The Defendant does not contest the Plaintiff's claim that he is the prevailing party, does not oppose the Plaintiff's attorney's application for fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number of hours expended by counsel. (Doc. No. 15). This Court construes this lack of opposition to the Plaintiff attorney's application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that the Plaintiff was the prevailing party.

The Plaintiff's attorney requests an award under the EAJA at the rate of $125.00 per hour

3

for the 16.6 hours which he asserts were devoted to the representation of the Plaintiff in this Court. (Doc. No. 16). I note that an award based upon this hourly rate will result in consistent hourly fee awards in cases in Arkansas. *See Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir.1990). Thus, based upon the above factors, I recommend that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour. Further, I have reviewed counsel's itemization of time appended to his motion. (Doc. No. 16). This Court notes that the Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court recommends the time asserted to be spent in representation of the Plaintiff before the district court is reasonable. Thus, the Court recommends that Plaintiff's counsel be entitled to compensation under the EAJA in the amount of $2,075.00 which is a total of 16.6 hours at a rate of $125.00 per hour.

### Conclusion:

Based upon the forgoing, this Court recommends the Plaintiff's Amended Motion for Attorney fees be granted and the Plaintiff's attorney be awarded $2,075.00 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $125.00 per hour for 16.6 hours of work.

**Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the**

**court except on grounds of plain error or manifest injustice.**

**ENTERED** this **4th day of February, 2008.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge